1
2
3
4
5
6
7
8

# UNITED STATES DISTRICT COURT

9

# SOUTHERN DISTRICT OF CALIFORNIA

10
11

IN RE RETURN OF SEIZED PROPERTY,

CASE NO. 10CV1679 DMS (RBB)

12

DEAN G. CHANDLER AND GARY
BOBEL,

**ORDER DENYING MOTIONS
FOR RETURN OF SEIZED
PROPERTY**

13

Movants,

14

[Docs. 1 & 5.]

15
16
17

18    This matter comes before the Court on Dean G. Chandler and Gary Bobel's motions for the

19  return of seized property pursuant to Rule 41(g) of the Federal Rules of Criminal Procedure.  The

20  matter was fully briefed and came on for hearing on August 26, 2010.  Michael Pancer and Gretchen

21  Von Helms appeared on behalf of movants.  Valerie Chu and Bruce Smith appeared on behalf of the

22  government.  For the reasons set forth below, the motions are denied.

23                                            **I.**

24                                    **BACKGROUND**

25    On June 23, 2010, the United States seized funds in several bank accounts belonging to

26  Chandler and Bobel pursuant to a pre-indictment seizure warrant issued by a magistrate judge based

27  upon a showing of probable cause that the funds were associated with movants' criminal activity.  The

28  government contends that Chandler and Bobel engaged in illegal activity in connection with loan

1    modification services.  Chandler and Bobel now move the Court for a hearing, at which they would

2    show the funds are (a) not associated with criminal activity, and (b) needed by them to retain counsel

3    pending an ongoing criminal investigation.  The government initiated administrative forfeiture

4    proceedings pursuant to 18 U.S.C. § 983, after the instant motions were filed.

5                                                 **II.**

6                                            **DISCUSSION**

7          Chandler and Bobel argue their sixth amendment right to counsel and fifth amendment right

8    to due process have been abridged by the government's seizure of lawfully obtained funds, which has

9    deprived them of their ability to retain counsel during the criminal investigation.  Accordingly, they

10   seek a hearing to prove the seized funds derive from legitimate sources, are not tainted by illicit

11   conduct, and are necessary to ensure their right to effective assistance of counsel.

12         When a motion pursuant to Rule 41(g) is filed *before* criminal proceedings are instituted, the

13   motion is "treated as [a] civil equitable proceeding[] and, therefore, a district court must exercise

14   'caution and restraint' before assuming jurisdiction.  *Ramsden v. United States*, 2 F.3d 322, 324 (9th

15   Cir. 1993) (quotations omitted).  Four stringent factors are considered before a court's equitable

16   jurisdiction is invoked: (1) whether the government displayed a callous disregard for the constitutional

17   rights of the movant; (2) whether the movant has an individual interest in and need for the property

18   he wants returned; (3) whether the movant would be irreparably injured by denying return of the

19   property; and (4) whether the movant has an adequate remedy at law to redress his grievance. *Id.* at

20   324-325.

21         Perhaps realizing the daunting task of meeting the foregoing criteria, movants contend the

22   Court need not concern itself with the exercise of equitable jurisdiction because constitutional

23   implications under the fifth and sixth amendments distinguish their case.  The sixth amendment right

24   to counsel, however, attaches only when an adversarial proceeding is commenced. *Brewer v. Williams,*

25   430 U.S. 387, 398 (1977).  "[A] criminal defendant's initial appearance before a judicial officer, where

26   he learns the charge against him and his liberty is subject to restriction, marks the start of adversary

27   judicial proceedings that trigger attachment of the Sixth Amendment." *Rothgery v. Gillespie County*,

28   554 U.S. 191 (2008).  Such is not the case here: Chandler and Bobel have not been arrested, indicted

1  or charged.  Thus, their sixth amendment right to counsel has not attached.[1]  Similarly, movants'

2  assertion that a fifth amendment right to an evidentiary hearing exists, is premised on cases in which

3  criminal charges have been filed.  *See United States v. Michelle's Lounge*, 39 F.3d 684, 701 (7th Cir.

4  Ill. 1994) ("[D]ue process requires the government to participate in a post-seizure adversary hearing

5  on probable cause when the district court has found that the government has seized through civil

6  forfeiture all of the assets a *criminal defendant* needs to obtain counsel.") (emphasis added).

7       In the absence of criminal charges, the sixth amendment simply is not in play – and movants'

8  fifth amendment rights must be evaluated in that light.  Here, funds were seized pursuant to a court

9  issued warrant; administrative forfeiture proceedings have been initiated, where movants may

10  challenge the seizure; and, in the event criminal charges are filed, the issues raised here may be

11  revisited there.

12       Under these circumstances, this Court properly may exercise jurisdiction and hear the matter

13  only if the framework set out above under Rule 41(g) is met.  It is not.  The administrative forfeiture

14  proceedings initiated by the government provide Chandler and Bobel an adequate remedy at law.  *See*

15  *United States v. U.S. Currency, $ 83,310.78*, 851 F.2d 1231, 1236 (9th Cir. 1988) ("[W]hen a civil

16  forfeiture proceeding is pending, there is no need to fashion an equitable remedy to secure justice for

17  the claimant.").   In addition, the government has not acted with "callous disregard" of the

18  constitutional rights of movants, as the government seized the property pursuant to a warrant issued

19  by a neutral fact finder.  *See Account Services Corp. v. United States*, 2009 WL 2755649 (S.D. Cal.

20  2009) ("[T]he court finds the government did not act in callous disregard for ASC's constitutional

21  rights.  The seizures were effected based on seizure warrants for which the magistrate judges made

22  neutral and independent findings of probable cause.")  The Court therefore declines to exercise

23  equitable jurisdiction.

24

25  _____

26       [1]  *United States v. Stein*, 541 F.3d 130 (2d Cir. 2008), cited by movants, does not lead to a
different result.  While the court acknowledged in *Stein* that pre-indictment government conduct could
affect a criminal defendant post-indictment, the court noted that sixth amendment rights do not attach

27  until indictment.  *Id.* at 153.  Further, in that case, the government pressured an employer to limit
attorney's fees paid to employees under investigation and to terminate such payments upon indictment.

28  Thus, "the termination of fees upon indictment" deprived defendants of their sixth amendment right
to counsel.  *Id.* at 153. n. 13.

1   While movants complain that the administrative process initiated by the government does not

2   afford adequate process because of its relatively slow pace (compared to a potentially fast moving

3   criminal investigation), the process accorded movants is adequate under the circumstances: a seizure

4   pursuant to a court issued warrant, with an opportunity to challenge the seizure in pending

5   administrative proceedings, all while movants remain uncharged.  The fifth amendment requires no

6   more.

7                                              **III.**

8                                        **CONCLUSION**

9   For these reasons, the motions are denied without prejudice.

10  **IT IS SO ORDERED.**

11  DATED:  August 31, 2010

12  _____

13  HON. DANA M. SABRAW
    United States District Judge

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28